## APPEAL OF IRA A. KIP, JR.

Docket No. 3510.   Submitted October 1, 1925.   Decided November 16, 1925.

*James L. Dohr, Esq.*, for the taxpayer.
*Ward Loveless, Esq.*, for the Commissioner.

Before GRAUPNER and PHILLIPS.

This is an appeal from the determination of a deficiency of $4,337.80 income tax for 1920. The only issue involved is whether an amount of $25,000 received by the taxpayer in 1920 was a payment for services rendered or a gift.

### FINDINGS OF FACT.

The taxpayer is an individual having an office at 120 Broadway, New York, N. Y.

In 1920 he was president of the Duratex Co., a manufacturer of artificial leather, which it supplied to the Willys-Overland Co., a manufacturer of automobiles. John N. Willys, president of the Willys-Overland Co., was a large stockholder of the Duratex Co. and a close business friend of the taxpayer.

About 1920 the Willys-Overland Co. found it difficult to secure the kind of material it desired for use in the interior lining or upholstering of its automobiles and was anxious to be placed in touch with a new source of supply of the desired material. In the course of conversations early in 1920 the taxpayer advised Willys that he was acquainted with one Timmie, who was a manufacturer of fabrics suitable for the interior lining of automobiles, and that he believed that if a meeting of Willys and Timmie were arranged it might result in the Willys-Overland Co. securing a new source of supply for its fabrics at an advantageous price. The suggestion met with the approval of Willys. Thereupon, the taxpayer called upon Timmie and suggested that it would be to his advantage to do business with the Willys-Overland Co., and later arranged a meeting between Timmie and Willys at the office of the latter. In the negotia-

tions which followed Willys acted as a representative of the Willys-Overland Co.

During a conversation with the taxpayer, Willys stated it would be worth $25,000 to have a source of supply of the desired fabrics. The taxpayer, relying on this statement, purchased a house and intended applying against the purchase price the $25,000 which he expected to receive from Willys. Failing to receive the payment when he expected it, the taxpayer wrote Willys asking that a check for the amount of $25,000 be forwarded.

Willys paid the taxpayer $25,000 by his personal check dated March 10, 1920, and was later reimbursed for this expenditure by the Willys-Overland Co.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

GRAUPNER: It is evident that the payment of $25,000 was not a gift, as the taxpayer contends, but was a payment for services rendered. The testimony shows that in 1920 the Willys-Overland Co. found it difficult to secure proper material for upholstering its cars and was willing to pay for being placed in contact with a manufacturer from whom it could obtain the material at an advantageous price. The evidence is clear that Willys was acting for the Willys-Overland Co. in the negotiations with Timmie, and had discussed the matter of the payment of the taxpayer with other officers of the company. In his testimony Willys stated, "* * * corporations do not give presents unless they get something for it financially." This statement is at least persuasive in determining the intent which prompted the payment to the taxpayer. See *Appeal of Herschel V. Jones*, 1 B. T. A. 1226.

JAMES not participating.